IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSÉ SILVA-RENTAS, et al.,<br><br>Defendants. | CRIMINAL NO. 14-387 (PAD) |

MEMORANDUM AND ORDER

Delgado-Hernández, District Judge

Before the court are objections to a Magistrate Judge's Report and Recommendation ("R&R") regarding a motion to suppress firearms, ammunition, narcotics, cash, and other materials seized in warrantless searches of defendants' persons, and of two automobiles. For the reasons explained below, the R&R is ADOPTED in its entirety, and the motion to suppress is DENIED as to defendant Julio Colón-Maldonado and GRANTED with respect to defendant José Silva-Rentas.

## I.        INTRODUCTION

A Federal Grand Jury sitting in the District of Puerto Rico charged Colón-Maldonado with being a prohibited person in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1)and 924(a)(2); possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii); and being in possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) and (c)(1)(A)(i). In turn, it charged Silva-Rentas with aiding and abetting a convicted felon in the possession of a firearm as proscribed by 18 U.S.C. § 922(g)(1) and (2); being a prohibited person in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); and possession of an automatic weapon in violation of 18 U.S.C. § 922(o) (Docket No. 19).

Case 3:14-cr-00387-PAD   Document 185   Filed 06/03/15   Page 2 of 6

United States v. Silva-Rentas, et al.
Criminal No. 14-387 (PAD)
Memorandum and Order
Page 2

Defendants moved to suppress the evidence obtained against them during their arrest (Docket No. 126). The government opposed (Docket No. 140), and defendants replied (Docket No. 142). The court referred the motion to suppress to Magistrate Judge McGiverin for an R&R (Docket No. 141). After holding a hearing (Docket No. 170), the Magistrate Judge issued an R&R recommending that defendants' motion to suppress be granted as to Silva-Rentas and denied as to Colón-Maldonado (Docket No. 176). Both parties object to the R&R (Docket Nos. 183 and 184).

## II.   STANDARD OF REVIEW

The court may refer motions to a United States Magistrate Judge for an R&R under 28 U.S.C. § 636(b)(1)(B). An adversely affected party may contest the R&R by filing objections within fourteen days of being served with a copy. Fed. R. Civ. P. 72(b). The court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1). Thereafter, it is free to accept, reject, or modify, in whole or in part, the findings or recommendations by the Magistrate Judge. Id. Having conducted a *de novo* review of the Magistrate Judge's determinations here, the court ADOPTS the R&R in its entirety. The factual findings and legal conclusions and adequately supported in the record and the law.

### A.  Colón-Maldonado's Objections

Colón-Maldonado objects the R&R's findings: (1) that he lacked a legitimate expectation of privacy; (2) that agents had probable cause to believe he had committed a crime; and thus, (3) the recommendation that the motion to suppress be denied (Docket No. 183). In his view, the property where he was arrested was private in nature, and in order to enter it, the agents needed probable

Case 3:14-cr-00387-PAD   Document 185   Filed 06/03/15   Page 3 of 6

United States v. Silva-Rentas, et al.
Criminal No. 14-387 (PAD)
Memorandum and Order
Page 3

cause to arrest or permission from its owner, inasmuch as no one else, apart from a few individuals were allowed to enter the lot. Id. at p. 6.[1]

To successfully challenge a search on Fourth Amendment grounds, the defendant must show that he had a subjective expectation of privacy in the place searched that is accepted by society as objectively reasonable. Smith v. Maryland, 442 U.S. 735, 740 (1979). To determine if any such expectation exists, courts consider ownership; control; possession; ability to exclude from the premises; and legitimacy of presence therein. U.S. v. Cardona-Sandoval, 6 F.3d 15, 21 (1st Cir. 1993).

Colón-Maldonado states he had a legitimate expectation of privacy, for (1) he had the right to access the lot – a right exclusive to those who, like him, rented space or worked in the lot; (2) the area was surrounded by a concrete wall with a fully functional iron gate which only opened during shift changes; (3) he was connected to the area through an ongoing commercial relationship with the lot's owner; (4) he had a frequent pattern of regular visitation; and (5) the community knew the place was not open to the public (Docket No. 183 at p. 15).

Even though Colón-Maldonado rented a space in the property at issue, he did not own, control, or have exclusive access to the area.[2] And he did not demonstrate authority to regulate access. The property's gate was open when the agents arrived, and signs indicating that access was restricted appeared to be lacking. In these circumstances, Colón-Maldonado cannot claim to have had an objective expectation of privacy in the area sufficient to confer standing. See, U.S. v. Battle,

---

[1] According to Colón-Maldonado, in order for the agents to reach the area where he was arrested, they had to (1) cross a marked iron gate; (2) walk more than 100 feet; (3) move towards the left of the stables area; (4) pass by several vehicles blocking the view from the main road; and (5) finally reach the area where he was. Id. at p. 7.

[2] Colón-Maldonado shared access to the lot and a contiguous lot with others who rented space, as well as employees who worked there.

United States v. Silva-Rentas, et al.
Criminal No. 14-387 (PAD)
Memorandum and Order
Page 4

637 F.3d 44, 48, n. 1 (1st Cir. 2011)("[A] defendant who fails to demonstrate a legitimate expectation of privacy in the area searched or the item seized will not have 'standing' to claim that an illegal search or seizure occurred").[3]

### B. Government's Objections

The government objects to the R&R's recommendation that evidence recovered as a result of Silva-Rentas' arrest, as well as that seized from his car (an Acura) be suppressed (Docket No. 184). It posits that agents had previously received information from a reliable confidential source, different from the one that furnished the information leading to defendants' arrests, that a potential drug transaction was set to take place in the same general area of the arrests (Navarro Ward).[4]

From this line, the government maintains that there was probable cause for the arrest of Silva-Rentas, as (1) CS-1 indicated that co-defendant Orta-Castro would be on that date at that location allegedly to complete a drug transaction; (2) CS-1 made mention of a white Toyota Sequoia such as was found; (3) CS-2 told Special Agent Clemente that prior to the day of the arrest, that specific location had been used by members of the Drug Trafficking Organization to conduct narcotic-related transactions; and (4) the intervention resulted in the seizure of firearms, narcotics, ammunition, cash and other contraband. Id. at 7-9.[5]

The government has not provided details showing how the tips were reliable by reference to: (1) the basis for knowledge of the facts supplied; (2) whether the informants' statements reflected

---

[3] Colón-Maldonado asks "how can there be probable cause to arrest him, if there is no probable cause to arrest and search codefendant Silva [-Rentas] who was standing in the same place and at the same time" (Docket No. 183 at p. 8, n. 4). The answer is that, unlike Silva-Rentas, Colón-Maldonado elected to flee the scene upon noticing the agents – showing a weapon, an act prohibited under Puerto Rico law – consequently giving probable cause to the agents to arrest him.

[4] The government refers to a first confidential informant as CS-1; while the second is referred to as CS-2 (Docket No. 184 at p. 7). For purposes of this Memorandum, the court will adopt such designations when referring to the informants.

[5] The government also claims that three agents were aware of Silva-Rentas' status as a convicted felon and well-known drug trafficker. It is unclear what the basis for that awareness was.

Case 3:14-cr-00387-PAD   Document 185   Filed 06/03/15   Page 5 of 6

United States v. Silva-Rentas, et al.
Criminal No. 14-387 (PAD)
Memorandum and Order
Page 5

first-hand knowledge; (3) whether some or all of the informant's factual statements were corroborated wherever reasonable and practicable (e.g. through police surveillance); and (4) whether a law enforcement officer assessed from her professional standpoint, experience, and expertise, the probable significance of the information that the informants provided.  See, United States v. Gifford, 727 F. 3d 92, 99 (1st Cir. 2013)(discussing criteria).  As such, the tips cannot be considered reliable.  Compare with, United States v. Barnard, 299 F. 3d 90, 93 (1st Cir. 2002)(crediting reliability of tipster where he was known to the police and could be held responsible if his assertions proved inaccurate or false).

As the R&R states, the government did not provide evidence suggesting that Agent Clemente was aware of the informant's identity; showing how the informant came to know the information he furnished; or of any independent source corroborating the information received.  See, Docket No.176, at pp. 15-17.  Taking into account the general description of the target vehicle; the lack of specifics about the vehicle's itinerary likely available only to those in the know; and the broadness of the area in which the agents were to supposedly find it, the record here cannot overcome a problem of vagueness inconsistent with a finding of probable cause.

The government places heavy reliance on Silva-Rentas' presence in a location that "had been used by members of the Drug Trafficking Organization to conduct narcotic-related transactions" (Docket No. 184 at p. 9).  But it is well settled that "an individual's presence in an area of expected criminal activity, standing alone, is not enough to support a reasonable, particularized suspicion that the person is committing a crime, much less a finding of probable cause."  U.S. v. Mercedes-De La Cruz, --- F.3d ---, 2015 WL 3378255, *5 (1st Cir. May 26, 2015)(internal citations omitted).  Finally, the allegation that defendant's arrest resulted in the seizure of firearms, narcotics, ammunition, cash and other contraband misses the mark, for "[a] search unlawful at its inception

may not be validated by what it turns up." Id. at *6. Hence, it must be concluded that Silva-Rentas' arrest was illegal, and thus, that all evidence derived therefrom – including that seized from his automobile – must be suppressed.

### III.   CONCLUSION

For the reasons stated, the court ADOPTS the Magistrate Judge's R&R, and GRANTS IN PART AND DENIES IN PART the Motion to Suppress (Docket No. 126).

**SO ORDERED.**

In San Juan, Puerto Rico, this 3rd day of June, 2015.

                                                S/Pedro A. Delgado-Hernández
                                                PEDRO A. DELGADO-HERNÁNDEZ
                                                U.S. DISTRICT JUDGE