**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **CRIMINAL NO. 14-387 (PAD)** |
| **JOSÉ SILVA-RENTAS, <u>et al.</u>,** | |
| **Defendants.** | |

**MEMORANDUM AND ORDER**

Delgado-Hernández, District Judge.

      José Silva-Rentas was charged with three violations of the federal firearms law and Julio Colón-Maldonado with two, in addition to one count of possessing with the intent to distribute cocaine. They moved to suppress evidence seized during their arrest (Docket No. 126). After holding a hearing, U.S. Magistrate Judge Bruce McGiverin – to whom the court referred the motion (Docket No. 141) – recommended that the suppression request be granted in part and denied in part (Docket No. 176). The court adopted the Magistrate Judge's Report and Recommendation ("R&R") in its entirety (Docket No. 185).[1]

      Before the court are "Defendant Julio Colon-Maldonado's Motion for Reconsideration with Regards to the Search and Seizure of a Toyota Tundra" (Docket No. 192), which the government opposed (Docket No. 206); and the "United States of America's Motion for Reconsideration

---

[1] For a more detailed factual and procedural background of the events leading to defendants' arrest and relevant filings, see Docket No. 176 at pp. 1-5, which the court incorporates by reference.

Regarding Memorandum and Order at Docket No. 185" (Docket No. 194), which codefendant Silva-

Rentas opposed (Docket No. 199).[2]  For the reasons below, both motions are DENIED.

## I.    <u>STANDARD OF REVIEW</u>

Motions for reconsideration in criminal cases are not specifically authorized either by statute

or by rule.  <u>United States</u> v. <u>Ortiz</u>, 741 F.3d 288, 292 n. 2 (1st Cir. 2014)(so noting).    However,

"district courts generally have inherent authority to decide motions for reconsideration and rehearing

of orders in criminal proceedings."  <u>U.S.</u> v. <u>Bravo-Fernández</u>, 790 F.3d 41, 61 n. 14 (1st Cir. 2015).

Requests for reconsideration are subject to the same standard applied to motions filed under

Federal Rule of Civil Procedure 59(e).  <u>United States</u> v. <u>Allen</u>, 573 F.3d 42, 53 (1st Cir. 2009)(so

noting).  They are appropriate only (1) if the moving party presents newly discovered evidence, (2)

if there has been an intervening change in the law, or (3) if the movant can demonstrate that the

original decision was based on a manifest error of law or was clearly unjust.  <u>Id.</u> (citing <u>Marie</u> v.

<u>Allied Home Mortgage Corp.</u>, 402 F.3d 1, 7 n. 2 (1st Cir. 2005)).

## II.    <u>DISCUSSION</u>

### A.  <u>Colón-Maldonado's Motion for Reconsideration at Docket No. 192</u>

In adopting the R&R, the court found that Colón-Maldonado lacked a legitimate expectation

of privacy as to the premises where he was arrested, and as such, had no standing to seek suppression

here (Docket No. 185).  Colón-Maldonado now requests reconsideration as it pertains to the evidence

seized from the Toyota Tundra.  In his view, the agents were only authorized to search premises

within his immediate reach.  But to the extent they searched the Tundra – which was located beyond

---

[2] After the government filed its Motion for Reconsideration (Docket No. 194), the court ordered codefendant Silva-Rentas to respond not later than July 30, 2015 (Docket No. 196).  Although he timely complied with the Order (Docket No. 199), on August 20, 2015 – well passed the deadline – he filed a "Supplemental Response to USA's Motion for Reconsideration" (Docket No. 204).  Because it was filed without prior leave from the court, the document shall be STRICKEN from the record.

that area – Colón-Maldonado contends they exceeded the boundaries of the "warrantless search incidental to an arrest" exception.  Likewise, he posits that because the warrant validating the search of the Tundra was issued pursuant to an unreliable tip, there was no substantial basis to conclude that probable cause existed to justify the search.

Foremost, Colón-Maldonado did not seek to exclude the evidence seized from the Tundra in his original motion to suppress (Docket Nos. 126, and 176 at p. 21).  But even if he had so requested, his arguments would have failed.  Under the "vehicle exception" to the Fourth Amendment's warrant requirement, the necessary predicate for a warrantless search of a motor vehicle is probable cause to believe the car contains contraband or other evidence of criminal activity.  U.S. v. Panitz, 907 F.2d 1267, 1271 (1st Cir. 1990)(citing Carroll v. United States, 267 U.S. 132, 153-56, (1925)).  So long as the search is supported by probable cause, no particular exigency (beyond the inherent mobility of any motor vehicle) need exist.  Id. at 772.

After approaching the Tundra, the agents were able to observe through an open door an unzipped leather pouch containing what appeared to be marijuana and a pistol magazine protruding from it.  And a K-9 inspection alerted them to the presence of narcotics inside the vehicle.  Given these circumstances, the agents had probable cause to search the Tundra.[3]  Thus, Colón-Maldonado's request for reconsideration must be denied.

**B.  Government's Motion for Reconsideration at Docket No. 194**

In adopting the R&R, the court found that the information provided by the confidential informants that led to Silva-Rentas' detention was unreliable, and for that reason, that the arrest was

---

[3] From the Tundra, agents recovered approximately 134 grams of cocaine, a small amount of marijuana, 20 rounds of .40-caliber ammunition, a Glock pistol magazine, multiple cell phones, an iPad, multiple remote beepers for gates or garage doors, and miscellaneous documents.  (Docket No. 176 at pp. 4-5).

United States v. Silva-Rentas, et al.
Criminal No. 14-387 (PAD)
Memorandum and Order
Page 4

invalid.[4]  Being it so, the court ordered that all evidence derived from it be suppressed (Docket No. 185).  The government moves for reconsideration, claiming again that the agents relied on trustworthy confidential sources.  In this regard, it points out that the confidential sources' identities were previously known to Agent Clemente, and that the sources had provided reliable information on illegal activities allegedly carried out by members of Silva-Rentas' drug trafficking organization. The motion, however, is silent as to how the agents were aware of the confidential sources' identities, or what reliable information they previously provided.[5]

In the end, the government's motion is predicated on the assumption that the information furnished by the confidential sources was reliable.  But nothing in its motion addresses the flaws discussed at Docket Nos. 176 and 185.  Rather, it rehashes arguments previously considered and rejected in evaluating its objections to the R&R (Docket No. 184).  On this score, the motion at Docket No. 194 must be denied.

## III.   CONCLUSION

In light of the foregoing, the court DENIES "Defendant Julio Colon-Maldonado's Motion for Reconsideration with Regards to the Search and Seizure of a Toyota Tundra" (Docket No. 192), and DENIES the "United States of America's Motion for Reconsideration Regarding Memorandum

---

[4] Specifically, the court found the government failed to make reference to (1) the basis for knowledge of the facts supplied; (2) whether the informants' statements reflected first-hand knowledge; (3) whether some or all of the informant's factual statements were corroborated wherever reasonable and practicable (e.g. through police surveillance); and (4) whether a law enforcement officer assessed from her professional standpoint, experience, and expertise, the probable significance of the information that the informants provided (Docket No. 185 at pp. 4-5)(citing United States v. Gifford, 727 F. 3d 92, 99 (1st Cir. 2013) and United States v. Barnard, 299 F. 3d 90, 93 (1st Cir. 2002)). Similarly, the government did not provide evidence suggesting that Agent Clemente was aware of the informant's identity; showing how the informant came to know the information he furnished; or of any independent source corroborating the information received. Id. at p. 5.

[5] The government's motion refers to three search warrants executed in connection with Criminal No. 14-754 (DRD), pursuant to which contraband allegedly belonging to Silva-Rentas' DTO was seized (Docket No. 194 at pp. 6-7).  Yet it does not state whether those warrants were issued on information provided by the confidential sources allegedly involved in this case, nor does it describe the circumstances which would permit an adequate assessment of reliability within the framework used to analyze reliability here.

and Order at Docket No. 185" (Docket No. 194). Silva-Rentas' "Supplemental Response to USA's

Motion for Reconsideration" (Docket No. 204) is STRICKEN from the record.

**SO ORDERED.**

In San Juan, Puerto Rico, this 27th day of August, 2015.

s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
U.S. DISTRICT JUDGE