IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | CRIMINAL NO. 14-387 (PAD) |
| JOSÉ SILVA-RENTAS, et al., | |
| Defendants. | |

**MEMORANDUM AND ORDER**

Delgado-Hernández, District Judge.

Before the Court are José Silva-Rentas' "Motion to Suppress and Incorporated Memorandum of Law" (Docket No. 191); and Héctor Orta-Castro's "Motion to Dismiss the Indictment and/or to Suppress" (Docket No. 202). The government opposed both motions (Docket Nos. 205 and 211). For the reasons below, the motions are denied.

Silva was charged with: (1) aiding and abetting co-defendant Julio Colón, a convicted felon, in the possession of a firearm as prohibited under 18 U.S.C. § 922(g)(1); (2) being Silva himself a prohibited person in possession of a firearm as prohibited under 18 U.S.C. § 922(g)(1); and being in possession of an automatic weapon in violation of 18 U.S.C. § 922(o). See, Counts One, Two, and Three of the Indictment at Docket No. 19. In turn, Orta was charged with aiding and abetting co-defendant Julio Colón in the possession of a firearm as prohibited by 18 U.S.C. § 922(g)(1). See, Count One of the Indictment. Id.

Initially, Silva moved to suppress the evidence obtained against him during his arrest (Docket No. 126). The court referred the motion to a U.S. Magistrate Judge for a Report and Recommendation (Docket No. 141). The Magistrate Judge recommended that Silva's motion be

United States v. Silva-Rentas, et al.
Criminal No. 14-387 (PAD)
Memorandum and Order
Page 2

granted (Docket No. 176), and the court adopted the recommendation (Docket No. 185). Now, both defendants seek to suppress and dismiss the indictment (Docket Nos. 191 and 202).[1] To that end, Silva requests that "any evidence attributed to him" be suppressed and that Count One of the Indictment be dismissed (Docket No. 191).[2] He claims that there is no basis for a "determination of probable cause" to believe that he aided and abetted a convicted felon in the possession of a firearm.[3] Similarly, Orta asks that the charge against him be dismissed for lack of evidence to secure a conviction under the aiding and abetting provision of 18 U.S.C. § 922(g)(1).

At bottom, both motions challenge the sufficiency of evidence to support the indictment. But a pretrial motion to dismiss an indictment is not a permissible vehicle for addressing the sufficiency of the government's evidence. Rule 12(b)(3)(B) of the Federal Rule of Criminal Procedure authorizes dismissal of an indictment if its allegations do not suffice to charge an offense. However, such dismissals may not be predicated upon insufficiency of the evidence to prove the charge. U.S. v. Bergrin, 650 F.3d 257, 268 (3rd Cir. 2011). Instead, sufficiency may be challenged at trial under Rule 29 of the Federal Rules of Criminal Procedure. See, United States v. Bobadilla, 747 F.3d 26, 30-32 (1st Cir. 2014)(evaluating sufficiency of evidence by way of Rule 29 motion).

---

[1] For a detailed factual and procedural background of the events leading to the arrests and relevant filings, see Docket No. 176 at pp. 1-5, which the court hereby incorporates by reference.

[2] Because the court previously ruled that all evidence seized in connection with Silva's arrest be suppressed, it need not reiterate itself yet again. See, Docket Nos. 176, 185, and 209.

[3] In the motion to suppress previously addressed by the Magistrate Judge (Docket No. 126), Silva did not raise the argument that he now brings forth, namely, that the government lacked probable cause to arrest him on the charge included in Count One. Rather, he requested that particular charge be dismissed because it stemmed from – what in his view was – the illegal arrest and seizure of Julio Colon. Id. at p. 16. Thus, the government did not present evidence on whether it had probable cause to believe that Silva aided and abetted Julio Colon as charged in Count One. In the context of the motion to suppress, the court concluded that there was probable cause for Julio Colon's arrest and related search. See, Docket Nos. 176, 185 and 209.

<u>United States</u> v. <u>Silva-Rentas, et al.</u>
Criminal No. 14-387 (PAD)
Memorandum and Order
Page 3

With that in mind, Silva-Rentas' "Motion to Suppress and Dismiss and Incorporated Memorandum of Law" (Docket No. 191), and Orta-Castro's "Motion to Dismiss the Indictment and/or to Suppress" (Docket No. 202) are DENIED. Considering the various pretrial motions filed and disposed of, no further pretrial motions will be allowed. Jury trial is set for November 23, 2015 at 9:30 a.m. in Courtroom 5. On that basis:

- Government's Designation of Evidence, due October 23, 2015.

- <u>Jencks</u> disclosures, due November 18, 2015.

**SO ORDERED.**

In San Juan, Puerto Rico, this 8th day of October, 2015.

S/<u>Pedro A. Delgado-Hernández</u>
PEDRO A. DELGADO-HERNÁNDEZ
U.S. DISTRICT JUDGE